UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BORIS MALINSKY, | ) | CASE NO. 4:10 CV 710 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN RODDIE RUSHING, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Before the court is petitioner Boris Malinsky's above-captioned pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio. Mr. Malinsky seeks an order from this court granting him 325 days jail time credit against his federal sentence. For the reasons set forth below, the court denies the petition.

*Background*

A review of the transcript for Mr. Malinsky's parole violation hearing before Commonwealth Judge Milton Younge reveals he was convicted of knowing and intentional possession of a controlled substance on March 20, 2006.[1] See Commonwealth v. Malinsky, No. CP

---

[1] Although the hearing is captioned "Violation of Probation," Judge Younge

(continued...)

01-06-0870 (Ct. Comm. Pls. 1st Dist. Penn., Violation of Probation Hrg. of 4/18/06, at 6.) It was this offense which prompted petitioner's hearing before Judge Younge. During the hearing, the prosecutor advised the court:

> the Defendant is now on probation for 5 judges, three judges of the Court of Common Pleas and two judges in the Municipal Court of Philadelphia, and Your Honor has him on probation for simple assault, PIC. Judge Geroff has him on probation for stalking and he is now on Judge Moore's probation for DUI and Judge Merriweather's probation for knowing and intentional possession of a controlled substance.

Id. at 8. Based on the fact that each arrest occurred after petitioner was paroled by Judge Younge, the Commonwealth argued for additional prison time. The court considered these facts, along with the fact that petitioner was already serving the 11 ½ - 23 months sentence imposed by Judge Pechkurow on March 30, 2006, for violating the probation term on his stalking conviction. Judge Pechkurow's sentence also included petitioner's placement in a drug program through the Forensic Intensive Recovery (FIR). Judge Younge ordered petitioner "to serve [the] balance of [the] sentence imposed on 4/28/05 of 6-23 months, followed by 1 year consecutive probation." Malinsky, No CP 01-06-0870 (Dkt. Entry of 4/13/06.)[2] He also agreed to allow petitioner's transfer to the FIR program, but on the following conditions:

THE COURT: You cannot get arrested again for any reason whatsoever. You cannot get convicted again for any reason whatsoever. Do you

---

[1](...continued)
clarifies during the hearing that petitioner violated his "parole." Malinsky, No CP 01-06-0870 (Violation of Probation Hrg of 4/18/06, at 11.)

[2] During the hearing, Judge Younge stated: "I'll impose his back time, concurrent with Judge Pechkurow's sentence." Malinsky, No CP 01-06-0870 (Violation of Probation Hrg of 4/18/06, at 14.)

2

                understand?

THE DEFENDANT: Yes, sir.

THE COURT:     For any reason. For any reason. Don't come to me and say, 'Oh, it was just jaywalking, it was just another DUI, it was just a marijuana cigarette or a little bit of cocaine. It is illegal. So I will impose back time. Four years probation to remain.

                I will allow the FIR referral that Judge Pechkurow ordered and sheriff to transport. If you come back to this courtroom for any reason, I will give you as much State prison time as I can lawfully give you.

Malinsky, No CP 01-06-0870 (Violation of Probation Hrg of 4/18/06, at 15-16.)

        Petitioner claims that "[a]round June 2006, the drug treatment specialist recommended that petitioner receives [sic] six months of outpatient treatment." (Pet. at 3.) On June 21, 2006, however, Mr. Malinsky was indicted in the United States District Court for the Eastern District of Pennsylvania. United States v. Malinsky, No. 2:06cr0298 (E.D. Pa. filed June 21, 2006). The indictment charged him with Health Care Fraud in violation of 18 U.S.C. §1347. A bench warrant was issued on June 21, 2006 ordering the Warden at Curran Fromhold Correctional Facility and the United States Marshal to produce Mr. Malinsky for a hearing before the federal court on July 20, 2006. Petitioner was brought to federal court via writ of habeas corpus ad prosequendum, made his appearance and pleaded not guilty. Five months later, he changed his plea to guilty and was sentenced on September 11, 2007 to 57 months in prison, followed by 3 years supervised release.

        Mr. Malinsky complains the federal government lodged a detainer after the court granted the Government's motion on July 25, 2006 to hold petitioner without bail pending trial. He argues that but for this detainer he would have been able to participate in the FIR drug program. Petitioner does note that "the state court would not sign petitioner's parole papers, which would have

allowed him to enter the out patient drug program." (Pet. at 3.)

On June 3, 2009, while incarcerated at F.C.I. Gilmour, petitioner filed a Request for Administrative Remedy complaining his sentence was improperly computed by the Bureau of Prisons (BOP). The warden denied his Request on June 22, 2009 and explained petitioner's sentence computation was certified as correct on November 13, 2008. Mr. Malinsky appealed the warden's decision and asserted the BOP failed to credit him with 325 days of jail time credit from June 22, 2006 until May 2, 2007. Citing Willis v. United States, 438 F.2d 923 (5th Cir. 1971), he claims that 'but for' the federal detainer, the Commonwealth of Pennsylvania would have released him on or about June 22, 2006.

Mid-Atlantic Regional Director K. M. White denied petitioner's appeal. Mr. White referred petitioner to Program Statement 5880.28, which explains that credit toward the service of a term of imprisonment is set forth by statute in 18 U.S.C. §3585(b). The statute provides that, for time spent in official detention prior to the date a sentence commences, jail credit is granted only if it has not been credited to another sentence. Upon review of petitioner's case, Mr. White noted Mr. Malinsky was serving an 11 ½ - 23 month sentence imposed March 30, 2006, as well as a 6-23 months sentence imposed April 13, 2006 at the time he was indicted in federal court. Because the parole term for these sentences did not start until May 2, 2007, petitioner was serving his uninterrupted state sentences from the March 30, 2006 date of imposition until he was paroled on May 2, 2007. Therefore, although Mr. Malinsky was temporarily held by federal authorities pending trial, the jail credit he requested on his federal sentence was already awarded to his state sentences. Mr. White noted that under § 3585, jail credit could not be awarded to two sentences. Petitioner's subsequent appeal to the National Inmate Appeals Administrator was denied on

4

December 9, 2009.

*Analysis*

Petitioner maintains his federal sentence has been miscalculated by the BOP. He believes he is entitled to credit on his federal sentence from the date of his indictment, June 22, 2006, until he was released May 2, 2007 on parole by the Commonwealth. Mr. Malinsky asserts the Commonwealth would have approved his transfer to the FIR program in June 2006, but the June 21, 2006 indictment interfered with his release. Moreover, when the federal detainer was issued by the court on July 25, 2006, it denied him bail on a state sentence from which he would have been entitled to release on bail. Thus, if he were not indicted and held without bail, the Commonwealth would have authorized his release to an outpatient drug program. Citing Bloomgreen [sic] v. Beloski, 948 F.2d 688 (10th Cir. 1991), he believes respondents must overcome "the presumption that defendant was entitled to full credit for his imprisonment in state prison for an otherwise bailable offense while subject to federal detainer, by showing that filing of detainer was irrelevant under circumstances to state prisoner's continued pre-trial custody for state offense." (Pet. at 2.)

*Sentence Credit*

After a district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve.

Under section 3585, a defendant generally must "be given credit toward the service

5

of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). Because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001)("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C. § 3585(b). Here, the BOP determined Mr. Malinsky is not entitled to 325 days credit on his federal sentence. For the reasons set forth below, this court agrees.

Evolved legal precedent instructs that the credit against a federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993). At the time the federal government sought Mr. Malinsky's appearance, he was incarcerated at Curran Fromhold Correctional Facility serving two state sentences. While he claims he was "recommended" for release by the drug treatment specialist, he also noted the "state court would not sign petitioner's parole papers." (Pet. at 3.) For reasons not explained to this court, it is apparent the state court did not believe petitioner should be released from prison. Thus, Mr. Malinsky was not in a position to be released at the time he was transferred to federal custody via a writ of habeas corpus ad prosequendum.

The petitioner in Bloomgren, unlike Mr. Malinsky, was a pretrial detainee who was arrested by Wyoming state authorities on charges of disturbing the peace, resisting arrest, and attempting to cause bodily injury. When Mr. Bloomgren's federal appeal bond was revoked and a warrant issued for his arrest, the state was directed to hold him without bond. The court reasoned

6

that the offenses for which Mr. Bloomgren was arrested were bailable and, thus, he was only in custody at the direction of the federal court. Conversely, Mr. Malinsky was already convicted of his offenses and was serving two state sentences when a federal detainer was lodged. Because the state did not entitle him to be released on parole until May 2, 2007, he was not exclusively being held in prison because of federal authorities. Under these circumstances, the BOP could not grant him federal sentence credit for the time in which he was serving and credited on his state sentences. When a detainee's failure to obtain release is not caused by the federal detainer, he is not entitled to a credit against his federal sentence. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); Shaw v. Smith, 680 F.2d 1104 (5th Cir.1982); O'Connor v. Attorney General, 470 F.2d 732 (5th Cir.1972); Boyd v. United States, 448 F.2d 477 (5th Cir.1971); United States v. McCrocklin, 410 F.2d 1137 (6th Cir.1969). Mr. Malinsky already received jail credit on his state sentences for the period including June 22, 2006 through May 2, 2007; therefore, he is not entitled to additional credit on his federal sentence.

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant 28 U.S.C. § 2243. Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 23, 2010